4512.mgp

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| YOUSSEF SAHLI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| FREIGHT SERVICES, INC., ) | |
| ) | |
| Defendant ) | Case No. 24-cv-03433 |
| ) | |
| FREIGHT SERVICES, INC., ) | |
| ) | |
| Defendant/Third-Party Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| PRIORITY LOGISTICS, INC., and ) | |
| PRIORITY MESSENGER SERVICES, INC. ) | |
| ) | |
| Third-Party Defendants. ) | |

**THIRD-PARTY DEFENDANT PRIORITY LOGISTICS, INC'S
ANSWER TO THIRD PARTY COMPLAINT**

Third Party Defendant PRIORITY LOGISTICS, INC. ("Priority Logistics"), by its attorneys, STUDNICKA & POULAKIDAS, LLC, hereby answers the Third Party Complaint filed by defendant/third-party plaintiff FREIGHT SERVICES, INC., as follows:

**COUNT I – CONTRIBUTION**

1. Plaintiff Youssef Sahli ("Sahli") has filed his Complaint against Freight Services to recover from personal injuries allegedly sustained on May 6, 2022 at warehouse facilities located at 107 Lively Blvd., Elk Grove Village, Illinois.

**ANSWER:** **Third Party Defendant Priority Logistics admits only that Plaintiff's Complaint speaks for itself, and denies any remaining allegations contained in Paragraph 1.**

2. Freight Services, Inc. has filed an Answer to the plaintiff's Complaint denying the material allegations contained therein as well as an affirmative defense. (See attached Answer and Affirmative Defense as Exhibit B).

**ANSWER:** **Third Party Defendant Priority Logistics admits only that the Answer to plaintiff's Complaint filed by Freight Services, Inc. speaks for itself, and denies any remaining allegations contained in Paragraph 2.**

3. At the time and place alleged in the plaintiff's Complaint, Priority Logistics and Priority Messenger had a duty to properly train their employees and to provide them with proper safety equipment and safety training to perform job tasks.

**ANSWER:** **Third Party Defendant Priority Logistics admits only those duties as imposed by law, denies third party plaintiff has accurately alleged any such duties, and denies all remaining allegations contained in Paragraph 3.**

4. Despite the foresaid duty, Priority Logistics and Priority Messenger were guilty of the following negligent acts and/or omissions:

   a. Failed to properly instruct warehouse personnel on a proper and safe manner to provide their work;
   b. Failed to properly train warehouse personnel as to the proper and safe manner in which to perform work related to unloading of materials from flatbed trailers;
   c. Failed to provide warehouse personnel with appropriate safety equipment and devices;
   d. Failed to train, instruct and warn warehouse personnel of hazards associated with unloading materials from trailers;
   e. Failed to require warehouse personnel to wear appropriate footwear including steel toed boots; and
   f. Was otherwise careless and negligent.

**ANSWER:** **Third Party Defendant Priority Logistics denies all allegations contained in Paragraph 4, including sub-paragraphs 4.a. through 4.f., inclusive.**

5. Illinois Rev. Statute 740 ILCS 100-01. *et seq*., provides for contribution among joint tortfeasors. If Freight Services is found liable to the plaintiff, which liability is expressly denied,

and pleadings strictly in the alternative, such liability will be the result of the aforesaid negligent acts and/or omissions of Priority Logistics Priority Messenger.

**ANSWER:** **Third Party Defendant Priority Logistics admits only the existence of the statute alleged but denies any liability pursuant to the statute alleged or otherwise, and denies any remaining allegations contained in the first sentence of Paragraph 5. Third Party Defendant Priority Logistics denies the allegations contained in the second sentence of Paragraph 5.**

WHEREFORE, third party defendant PRIORITY LOGISTICS, INC. denies that defendant/third-party plaintiff FREIGHT SERVICES, INC. is entitled to judgment against it, damages or contribution in any amount, or any other relief whatsoever; and respectfully requests that this Honorable Court enter judgment in favor of third-party defendant PRIORITY LOGISTICS INC. and against Defendant/Third-Party Plaintiff FREIGHT SERVICES, INC., and award third- party defendant its costs incurred in the defense of this suit.

THIRD-PARTY DEFENDANT DEMANDS TRIAL BY JURY.

## COUNT II- INDEMNITY

1-5. Freight Services repeats and re-alleges its allegations in paragraphs 1-5 of Count I as and for its allegations of paragraph 1-5 of this Count II, as it fully set forth herein.

**ANSWER:** **Third Party Defendant Priority Logistics restates and incorporates by reference the answers to Paragraphs 1-5 above as its answers to Paragraphs 1-5 of this Count II, as though fully set forth herein.**

6. At the time and place alleged in the plaintiff's Complaint, Freight Services contracted with Priority Logistics and Priority Messenger for the delivery of freight to the location where plaintiff was employed. (A copy of the contract between Freight Services and Priority Logistics is attached hereto as Exhibit C. A copy of the contract between Freight Services and Priority Messenger Services, Inc. is attached hereto as Exhibit D).

**ANSWER:** Third-Party Defendant Priority Logistics admits only that Exhibits C and D speaks for themselves, denies any liability pursuant to the Exhibits C or D, or otherwise, and denies any remaining allegations contained in Paragraph 6.

7. The aforesaid contracts require that Priority Logistics and Priority Messenger "indemnify, defend and hold Freight Services, Inc., its customers, consignors, and consignees, and their respective parent, subsidiaries, affiliates, employees, officers, directors and agents harmless from and against any and all losses, harm, injuries, damages, claims, costs expenses and liabilities (including reasonable legal fees) arising from or in connection with services provided by carrier, its employees, agents and contractors, unless resulting directly from the negligence of willful act or omission of Freight Services, Inc. or its customers and their consignors or consignees and their respective parents, subsidiaries, affiliates, employees, officers, directors and agents.

**ANSWER:** Third-Party Defendant Priority Logistics admits only that Exhibits C and D speaks for themselves, denies any liability pursuant to the Exhibits C or D, or otherwise, and denies any remaining allegations contained in Paragraph 7.

8. By virtue of the aforesaid contracts, Priority Logistics and Priority Messenger are required to indemnify Freight Services for the losses attendant with the plaintiff's Complaint.

**ANSWER:** Third Party Defendant Priority Logistics denies the allegations contained in Paragraph 8.

WHEREFORE, third party defendant PRIORITY LOGISTICS, INC. denies that defendant/third-party plaintiff FREIGHT SERVICES, INC. is entitled to judgment against it, damages, indemnity, attorneys' fees in any amount, or any other relief whatsoever; and respectfully request that this Honorable Court enter judgment in favor of third-party defendant PRIORITY LOGISTICS INC. and against Defendant/Third-Party Plaintiff FREIGHT SERVICES, INC., and award third-party defendant its costs incurred in the defense of this suit.

THIRD-PARTY DEFENDANT DEMANDS TRIAL BY JURY.

       Respectfully submitted,

       STUDNICKA & POULAKIDAS, LLC

       /s/*Mark G. Poulakidas*

Mark G. Poulakidas (mpoulakidas@hskolaw.com) (jborrero@hskolaw.com)
ARDC no. 6230065
Michael L. Abel (mabel@hskolaw.com)
ARDC no. 6295729
STUDNICKA & POULAKIDAS, LLC
Attorneys for Third-Party Defendant Priority Logistics Inc.
2 N. Riverside Plaza, Suite 1220
Chicago, Illinois 60606
Tel. 312-332-6644